IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JEFFREY LUKE**

        **Plaintiff,**                          No.: _____

**v.**

                                            **JURY DEMAND**

**TRANSFORMATIONS AUTISM
TREATMENT CENTER**

        **Defendant.**

## COMPLAINT

PLAINTIFF, Jeffrey Luke, brings this action against the Defendant, and states as follows:

### I. JURISDICTION & VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue also lies in this Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

### II. PARTIES

4. Plaintiff Jeffrey Luke is an adult resident of the State of Tennessee. Plaintiff was employed by Defendant as a behavior analyst during both the two and three year statutes of limitation under the FLSA. During his employment with Defendant, Plaintiff was a covered employee under the FLSA.

5. Defendant Transformations Autism Treatment Center (hereinafter "Defendant") is a domestic corporation with its principal place of business located at 6761 Stage Road, Bartlett, Tennessee, 38134. Defendant is an "employer" of Plaintiff within the meaning of the FLSA. See 29 U.S.C. § 203(d).

6. Defendant may be served with process through its registered agent, Tracy Palm, 2445 Carrollwood Lane, Cordova, Tennessee, 38016.

## IV. FACTUAL BASIS FOR SUIT

7. Plaintiff is a former employee of Defendant. His employment ended in approximately January, 2017.

8. During his employment, Plaintiff was compensated on an hourly basis and earned approximately $44.28 per hour.

9. During Plaintiff's employment with Defendant, he performed work in excess of forty (40) hours per week on a regular and repeated basis.

10. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

11. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

12. When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate him at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

13. Plaintiff's actual job duties were not those of an "exempt" employee.

14. Moreover, Plaintiff was not paid on a "salary basis," as that term is defined by the FLSA.

15. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiff suffered lost wages.

16. Defendant is unable to bear its burden of showing that Plaintiff fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

17. Defendant's intentional failure to pay Plaintiff his proper overtime wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

18. Defendant is unable to bear its "substantial burden" of showing their failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

## V. CAUSES OF ACTION

19. The allegations set forth in the preceding paragraphs are incorporated herein and a jury is hereby demanded.

20. Plaintiff brings the following cause of action against Defendant: Willful violation of the Fair Labor Standards Act of 1938.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

1. A declaratory judgment that Defendant has violated the overtime wage provisions of the FLSA;

2. A declaratory judgment that Defendant's violation of the FLSA was willful.

3. Damages in the amount of Plaintiff's unpaid overtime compensation to be proven at trial.

4. Interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to Plaintiff pursuant to 29 U.S.C. § 216(b);

5. Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

6. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL MCWHERTER SCOTT & BOBBITT PLC**

*s/ Michael L. Russell*
Michael L. Russell (#20268)
Emily S. Emmons (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

***ATTORNEYS FOR PLAINTIFF***